SATURNINA QUEVEDO y ESTRADA, demandante y apelada, *v.* RAFAEL SEGARRA y RAMÍREZ, demandado y apelante.

No. 4561.—*Visto:* Abril 23, 1928. *Resuelto:* Mayo 1, 1928.

*R. Ramírez Pabón y José E. Segarra,* abogados del apelante; *García Méndez & García Méndez,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En este caso, la Corte de Distrito de Aguadilla dictó en 15 de noviembre de 1927, sentencia declarando con lugar la demanda de divorcio de Saturnina Quevedo Estrada contra Rafael Segarra y Ramírez, por causa de abandono. En 22 de diciembre de 1927 el demandado presentó su apelación para ante este Tribunal Supremo; en 23 de enero de 1928,

según aparece de certificación del Secretario de la Corte de Distrito de Aguadilla, venció el término para presentar la transcripción de la evidencia, y el taquígrafo de la corte pidió una prórroga de diez días para presentarla. El 3 de febrero de 1928 presentó el taquígrafo la transcripción. Con respecto a la aprobación de la misma, aparece del record que el apelante presentó moción, en 14 de febrero de este año, manifestando que su abogado Sr. Rodolfo Ramírez Pabón estaría de regreso en esta isla el 29 de febrero de 1928 y que se pedía que no se señalara la aprobación de la transcripción de la evidencia hasta después de dicha fecha; y la corte accedió señalando el día 16 de marzo del mismo año. Conviene hacer constar aquí que como abogados del record por parte del demandado aparecen don Rodolfo Ramírez Pabón y don José E. Segarra.

Asimismo conviene hacer constar que el demandado, aunque presentó primero una moción de traslado, alegando su residencia en Fajardo, después, en 3 de mayo de 1927 desistió de tal solicitud de traslado, y contestó la demanda contra-demandando al mismo tiempo y alegando el abandono por parte de la demandante. Señalado el día para la vista del caso compareció ante la corte la demandante, pero no el demandado y contra-demandante; y en estas condiciones se vió el juicio y se dictó la sentencia.

Ahora, la demandante solicita de nosotros desestimemos la apelación, por haber sido presentada la transcripción de la evidencia cuando ya estaba vencida la prórroga concedida por la corte, y porque además la apelación es frívola porque no se ha suscitado ninguna cuestión de derecho que pueda ser objeto de ella y porque el apelante no compareció al juicio.

El demandado presentó impugnación acompañando dos certificaciones, una del secretario de la corte con relación a la moción pidiendo que se hiciera el señalamiento para aprobar la transcripción con fecha posterior al 29 de febrero, y

la resolución de la corte señalando el 16 de marzo; y otra del taquígrafo de la Corte de Distrito de Aguadilla haciendo constar que al computar la prórroga de los diez días sufrió un error en no haber tomado en cuenta que el mes de enero tenía 31 días.

■■ Evidentemente la transcripción ha sido presentada fuera de término. No nos convence la alegación de un error como el que dice sufrió el taquígrafo porque el olvidar el número de días que tiene un mes no tiene excusa posible.

No creemos que en un caso como el presente en el que el demandado desistió de su moción de traslado sometiéndose a la Corte de Distrito de Aguadilla, y en el que los hechos simplemente se refieren al abandono por parte de uno de los cónyuges, quepa levantar en apelación cuestiones de derecho que han podido y debido ser levantadas ante la Corte de Distrito de Aguadilla.

De acuerdo con la ley, con el reglamento de este tribunal y la jurisprudencia del mismo procede desestimar este recurso de apelación.

*Se desestima el recurso en el presente caso.*